AO 91 (Rev. 11/11) Criminal Complaint          AUSA Tiffany Ardam (312) 353-0951

**FILED**
9/9/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ALBERTO ALEGRIA

CASE NUMBER: 1:25-cr-00557

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about September 6, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Reentry of removed alien, by being present and found in the United States after having been previously removed |
| Title 18, United States Code, Section 111(a) | Forcibly resisted, opposed, impeded and interfered with any person designated in section 1114 of this title, namely a federal employee, while engaged in or on account of the performance of official duties |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

MATTHEW PYLE
Special Agent, Homeland Security Investigations (HSI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: September 9, 2025

*Judge's signature*

City and state: Chicago, Illinois      Jeffrey T. Gilbert, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## **AFFIDAVIT**

I, MATTHEW PYLE, being duly sworn, state as follows:

1. I am a Special Agent with the Homeland Security Investigations (HSI), and I have been employed since August 2020. My current responsibilities include the investigation of immigration and customs law violations, as well as investigations into transnational criminal organizations that commit drug trafficking, human smuggling, money laundering, and national security offenses.

2. This affidavit is submitted in support of a criminal complaint alleging that ALBERTO ALEGRIA has violated Title 8, United States Code, Section 1326(a), reentry of removed alien, by being present and found in the United States after having been previously removed and Title 18, United States Code, Section 111(a), forcibly resisting, opposing, impeding and interfering with a federal employee while engaged in or on account of the performance of official duties. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging ALEGRIA with resisting, opposing, impeding, and interfering with a federal officer and reentry of a removed alien, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offenses alleged in the complaint.

3. This affidavit is based on my personal knowledge, and on information I have received from other law enforcement personnel knowledge regarding relevant facts, my review of video footage, and my training and experience.

**PROBABLE CAUSE**

4. On or about September 6, 2025, Homeland Security Investigations (HSI) was conducting an enforcement operation in Bolingbrook, Illinois. While conducting the operation, agents identified a red truck with a vehicle registration belonging to an Alberto ALEGRIA. According to immigration databases, ALEGRIA had been issued a final order of removal by an immigration judge on April 24, 2012, was denied an appeal on April 1, 2013, and was removed to Mexico on or about February 11, 2014. After having been removed from the United States, ALEGRIA reentered the United States and was again deported on March 4, 2014. ALEGRIA again reentered the United States and was deported on April 19, 2014. Based on the information obtained that ALEGRIA had previously been deported, agents obtained an administrative warrant of arrest for ALEGRIA.

5. Agents conducting surveillance identified the driver of the truck as ALEGRIA by comparing it to a photograph from his immigration file. Agents followed the vehicle, and Special Agent 1 initiated a vehicle stop by activating his vehicle's lights and sirens. ALEGRIA did not stop, and continued to drive, finally stopping in front of the entrance of grocery store at 160 N. Bolingbrook Drive.

6. According to footage and agent interviews, Homeland Security Investigations Special Agent 2 was the first agent to exit his vehicle and approach

ALEGRIA. Special Agent 2 identified himself as police and was wearing a vest with police markings. According to Special Agent 2, when Special Agent 2 placed his hand on ALEGRIA to detain him, ALEGRIA shoved Special Agent 2 back. By that time, Special Agent 1 also had exited his vehicle wearing police markings identifying him as law enforcement. Special Agent 1 approached ALEGRIA as he made physical contact with Special Agent 2 and also tried to secure ALEGRIA. ALEGRIA and the agents went to the ground. According to Special Agents 1 and 2, ALEGRIA continued to physically resist being detained. Special Agents 1 and 2 continued to identify themselves as police to ALEGRIA and told ALEGRIA to stop resisting and that they had a warrant for his arrest.

7. While the agents struggled with ALEGRIA, Special Agents 3 and 4 arrived on scene. Both agents wore police markings identifying them as law enforcement. Special Agent 3 assisted the other Special Agents with detaining ALEGRIA. The agents were able to place ALEGRIA in restraints and place him in Special Agent 3's vehicle.

8. ALEGRIA was then taken to the parking lot of the Bolingbrook Police Department. Special Agents observed that ALEGRIA had a bloody nose, and agents rendered first aid to him. The Bolingbrook Fire Department arrived and rendered aid to ALEGRIA, who was then taken to a hospital for further medical treatment.

9. According to a law enforcement database, ALEGRIA was convicted of misdemeanor domestic battery/bodily harm on or about October 12, 2010, in DuPage

County, Illinois. On or about January 25, 2008, ALEGRIA was convicted of misdemeanor DUI/Alcohol in DuPage County.

10. According to a law enforcement database, the fingerprints taken on or about February 11, 2014, March 4, 2014, and April 19, 2014 and September 6, 2025, are of the same individual-- ALBERT ALEGRIA.

## CONCLUSION

11. Based on the above information, I submit that there is probable cause to believe that on or about September 6, 2025, ALBERT ALEGRIA did resist, oppose, impede, and interfere with any person designated in section 1114 of this title, namely a federal employee, while engaged in or on account of the performance of official duties and reenter after removal as an illegal alien. I therefore respectfully request that this Court issue a criminal complaint charging ALEGRIA with a violation of Title 8, United States Code, Section 1326(a) and Title 18, United States Code, Section 111(a).

FURTHER AFFIANT SAYETH NOT.

*[signature]*
MATTHEW PYLE
Special Agent, Homeland Security Investigations

SWORN TO AND AFFIRMED by telephone September 9, 2025.

*[signature]*
Honorable Jeffrey T. Gilbert
United States Magistrate Judge

4